# Everett, Appellant, *v.* Citizens' Gas & Electric Company.

*Negligence—Electric light companies—Live wire—Contributory negligence—Evidence.*

In an action against an electric light company to recover damages for the death of plaintiff's wife caused by an electric current passing through a wire clothesline with which the deceased came in contact, no recovery can be had where the evidence shows that the deceased or someone acting for her attached the clothesline in her yard to one of defendant's poles and a guy wire in the alley back of the yard, and that a cross arm carrying an electric wire broke, causing the wire to come into contact with the guy wire, and thus communicating the current to the clothesline.

Argued March 9, 1910.   Appeal, No. 2, Jan. T., 1910,

by plaintiff, from judgment of C. P. Monroe Co., Sept. T., 1908, No. 24, for defendant non obstante veredicto in case of William Henry Everett v. The Citizens' Gas & Electric Company. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's wife. Before HEYDT, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $4,750. Subsequently, the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*F. B. Holmes,* with him *John B. Williams* and *W. A. Erdman,* for appellant.

*A. Mitchell Palmer,* with him *C. R. Bensinger,* for appellee.

PER CURIAM, May 9, 1910:

The plaintiff's wife was killed by an electric current that passed from the defendant's feed wire to a guy wire and thence to a wire clothesline in her yard, on which she was hanging clothes. Her house fronted on a borough street and her lot extended back to an alley ten feet wide. There was an electric light pole on the street near the division line between her property and that of an adjoining owner, and a pole in the alley close to the fence in the rear of her lot. A guy wire extended from the top of the electric light pole along the division line and was fastened to the pole in the alley seven feet from the ground. The plaintiff some years before the accident fastened one end of a wire clothesline to this pole and the other end of the wire to a grape arbor. The guy wire was afterwards removed and a new one put in its place. At

the time of the accident the clothesline was wrapped around the guy wire and around the post. It did not appear who did this, but there was no evidence to warrant an inference that it was done by the defendant's employees. A cross arm, carrying an electric wire broke, causing the wire to come into contact with the guy wire. The jury found the defendant negligent in not maintaining its line in a safe condition. Judgment was entered non obstante veredicto on the ground that the defendant's negligence was not the proximate cause of the accident.

It is argued that in placing the pole in the alley and in extending the wire from it to the street, the defendant did something unlawful and was a trespasser. Of any unlawful act on its part, there was no evidence whatever. Presumably the pole was placed in the alley by permission of the borough authorities and if there was an invasion of the property rights of the deceased, it was made years before with her knowledge, without objection and her acquiescence or permission will be inferred. The guy wire was not in itself a danger to anyone even if it became accidentally charged with electricity. The only danger in the situation was created by the deceased, or by someone acting for her, in making an unauthorized and manifestly unsafe use of the pole and guy wire.

The judgment is affirmed.